UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAISY OZIM,

    Plaintiff,

v.

THE CALIFORNIA ENDOWMENT,

    Defendant.

Case No. 20-cv-06517-JD

**ORDER RE REMAND**

Re: Dkt. No. 6

Pro se plaintiff Daisy Ozim originally filed this case in the California Superior Court.  Dkt. No. 1.  Ozim removed her own complaint, ostensibly on federal question grounds.  *Id.*  The California Endowment ("TCE") asks to remand the case back to the state court, and for costs and fees.  Dkt. No. 6.

The Court finds the matter suitable for decision without oral argument.  Civil L.R. 7-1(b).  The case was removed improvidently and without jurisdiction, and is remanded to the Superior Court for the County of Alameda.  28 U.S.C. § 1447(c).  The Court declines to award costs and fees.

**BACKGROUND**

Ozim filed her original complaint in the California Superior Court on March 12, 2020, and served TCE with the summons and complaint on or about May 28, 2020.  Dkt. No. 6-1 (Fenske Decl.) ¶ 2.[1]  The California state court sustained a demurrer to Ozim's first amended complaint on August 31, 2020, granting her a final opportunity to amend by September 20, 2020.  *Id.* ¶ 5 and Exh. 1.  Ozim filed two motions to disqualify the presiding judge, which were denied on August

---

[1] According to the notice of removal, other defendants were named but unserved at the time of removal.  Dkt. No. 1-1 at 4.

1  11 and September 14, 2020.  *Id.* ¶ 7 and Exhs. 2-3.

2  On September 17, 2020, Ozim filed a notice of removal, Dkt. No. 1, as well as two proposed amended complaints alleging violations of 28 U.S.C. § 1983 and various other federal statutes, Dkt. Nos. 4, 5.  Since TCE moved to remand, Ozim has filed another proposed amended complaint, Dkt. No. 14, a late opposition to remand, Dkt. No. 15, and a motion for summary judgment, Dkt. No. 16.

**DISCUSSION**

**I.   REMAND**

The standards governing this remand motion are well-established.  *See Leventhal v. Jackson National Life Ins. Co.*, No. 19-cv-02123-JD, 2020 WL 1528447, at *2 (N.D. Cal. Mar. 31, 2020).  There is a strong presumption against removal, and the removal statute is strictly construed against finding federal jurisdiction.  *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).  Any doubts about the propriety of removal should be resolved in favor of a remand to state court.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  Principles of federalism, comity, and respect for the state courts also counsel strongly in favor of scrupulously confining removal jurisdiction to the precise limits that Congress has defined.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).  The removing party always bears the burden of demonstrating that removal was proper.  *Gaus*, 980 F.2d at 566.

It is quite clear that only a defendant, and not a plaintiff, may remove a case.  *See* 28 U.S.C. § 1441(a) (authorizing removal of certain civil actions "by the defendant or the defendants"); *see also Shamrock Oil & Gas Corp.*, 313 U.S. at 106-07; *Progressive West Ins. Co. v. Preciado*, 479 F.3d 1014, 1017 (9th Cir. 2007).  The same goes for the other removal statutes referred to by Ozim.  Dkt. No. 1 at 1; Dkt. No. 15 at 1; 28 U.S.C. §§ 1442, 1443.  Section 1442 permits certain federal defendants -- such as the United States, its agencies, and federal officers -- to remove civil actions or criminal prosecutions brought "against or directed to" them in state court.  28 U.S.C. § 1442(a).  Section 1443 authorizes removal "by the defendant" of state court actions implicating the denial of equal rights.  *Id.* § 1443.

Ozim's mention of several other statutes does not change the remand conclusion. The federal question and supplemental jurisdiction statutes do not, in themselves, provide for removal. *See* 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1367(a) (supplemental jurisdiction); *see generally U.S. Fid. & Guar. Co. v. Lee Investments LLC*, 641 F.3d 1126, 1132 (9th Cir. 2011). The judicial recusal statute, 28 U.S.C. § 455, is entirely irrelevant to removal jurisdiction. Ozim's attack on the California state court's ability to provide a just and unbiased resolution of her case, Dkt. No. 15 at 3, also has no bearing on removal jurisdiction, and is utterly bereft of any supporting evidence.

Consequently, Ozim had no right to remove her case to this Court. It must be remanded.

## II.   COSTS AND FEES

TCE asks for an award of costs and attorney's fees for the remand motion. Dkt. No. 6 at 4; Dkt. No. 6-1 ¶ 11; Dkt. No. 17 at 3; Dkt. No. 17-1 ¶ 6. The Court may in its sound discretion order payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "But removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Instead, the objective reasonableness of a removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the arguments in support of removal. *Id.* at 1066-67.

There is no doubt that removal was not well taken here. But Ozim is a pro se litigant, and removal and federal jurisdiction can be a challenge even for experienced attorneys. The Court declines to award fees or costs.

**CONCLUSION**

This action was removed improvidently and without jurisdiction, and is remanded to the Superior Court of California for the County of Alameda.  28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Dated:  October 16, 2020

JAMES DONATO
United States District Judge